UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| UNITED STATES OF AMERICA, | CRIMINAL NO. 5:13-CR-90-KKC-2 |
|---|---|
| Plaintiff, | CIVIL NO. 5:16-CV-259-KKC-REW |
| V. | **ORDER** |
| TERRAN RICARDO PRICE, | |
| Defendant. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on a report and recommendation (DE 414) from Magistrate Judge Robert E. Wier. For the following reasons, defendant Price's objections (DE 415) are **DENIED** and the Court follows the recommended disposition (DE 414).

## I.  INTRODUCTION

Defendant Terran Ricardo Price was charged with one count of conspiring to distribute Oxycodone by a grand jury on June 13, 2013. (DE 1). Price pleaded guilty, without a written plea agreement, on January 29, 2014. (DE 211). On May 28, 2014, this Court sentenced Price to a total prison sentence of 132 months, followed by a five-year term of supervised release. (DE 272, 275). After an appeal by Price, the United States Court of Appeals for the Sixth Circuit affirmed the sentence. (DE 378). Price timely submitted and later supplemented a § 2255 motion to vacate (DE 384, 398, 408, 409); the government responded to that motion (DE 412); and Price has replied (DE 413). Pursuant to standard practice in this district, the Court referred the motion to Magistrate Judge Robert E. Wier to review and

1

recommend a disposition. (DE 414). Price now objects to that recommended disposition (DE 415), and the Court reviews his objections below.

## II. ANALYSIS

### A. Legal Standards

For relief under 28 U.S.C. § 2255, Price "must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States,* 442 F.3d 959, 964 (6th Cir. 2006) (quoting *Mallett v. United States,* 334 F.3d 491, 496-497 (6th Cir. 2003)). In making a § 2255 motion, a movant generally bears the burden of proving factual assertions by a preponderance of the evidence. *See McQueen v. United States,* 58 F.App'x 73, 76 (6th Cir. 2003) (*per curiam*).

This Court makes a *de novo* determination of those portions of a recommended disposition to which objections are made. *See* 28 U.S.C. § 636(b)(1)(c). In this case, Price makes four specific objections to the Magistrate Judge's findings, including attacks on the legal standards used and overall treatment of the record by the Magistrate Judge, followed by several other miscellaneous objections. The Court reviews each objection below.

#### 1. Objection One: Applicability of Federal Rule of Civil Procedure 8

When replying (DE 413) to the government's response to his habeas petition (DE 412), Price argued that Federal Rule of Civil Procedure 8 required all claims that were not specifically denied in its response to "be considered conceded by the government." (DE 413 at 3). Specifically, Price alleged that the government failed to respond to his arguments as to the ineffectiveness of his sentencing counsel in failing to preserve *Bostic* objections, the "harms and prejudices arising from all of Price's sentencing counsel[']s errors," and other "key allegations" allegedly showing counsel's ineffectiveness and originally raised by Price. (DE

413 at 3). The Magistrate Judge found that Rule 8 did not have such an effect on these proceedings (DE 414 at 2, n. 3), and now Price objects. The Court agrees with the Magistrate Judge.

Specific rules have been promulgated to govern § 2255 proceedings in United States District Courts. Rule 5(b) provides that an answer to a § 2255 motion must "address the allegations in the motion." 28 U.S.C. § 2255, Rule 5(b). This language is laxer than that found in the preclusive pleading requirements of Federal Rule of Civil Procedure 8, in which a responding party must "state in short and plain terms its defenses to each claim asserted against it; and admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. Pro. 8(b)(1); *see also United States v. Boniface,* 601 F.2d 390, 392-393 (9th Cir. 1979). After review of the pleadings, the Court finds that the government has met their burden to "address" the allegations of the § 2255 motion—it is clear that the government specifically contested, among other things, Price's ineffective assistance of counsel claims throughout its response. *See* (DE 412). Further, at least one Circuit has found that even if Federal Rule of Civil Procedure 8 were to apply, the preclusive effect of § 8(b)(6) would not be applicable in habeas proceedings since responses by the government are not required pleadings as contemplated by § 8(b)(6). *See Tarver v. United States,* 344 Fed.Appx 581, 583 (11th Cir. 2009) ("Because the plain language of Rule 4(b) of the § 2255 Rules did not require the district court to order the government to file a response to Tarver's § 2255 motion, we hold that pursuant to Rule 8(b)(6), the government was not deemed to have admitted Tarver's allegation of ineffective assistance of counsel by failing to deny the allegation specifically in its response to his motion").

2. Objection Two: Price's *Bostic* claims

Price argues that his trial counsel failed to properly preserve objections during sentencing, which later prejudiced Price during appellate review. (DE 398-2 at 23-26). The

Magistrate Judge found this argument to be without merit, and Price now objects. (DE 415 at 6-7). After review of Price's original and supplemented arguments, the sentencing transcript, and the Sixth Circuit Opinion, the Court agrees with the Magistrate Judge.

First, Price argues that his trial counsel failed to properly preserve his objections to two enhancements that were applied to his sentence: U.S.S.G. §§ 2D1.1(b)(1) and 3B1.1(b). But contrary to Price's representations to this Court, the objections were properly preserved and reviewed by the Sixth Circuit under the normal reasonableness and abuse of discretion standard, *see* (DE 378 at 2-5), not under plain error, as Price now contends. (DE 398-2 at 23-25; DE 415 at 6-7). Review of the sentencing transcript shows that, in response to the classic *Bostic* question, Price's trial counsel specifically lodged "an objection to the overruling of our objections," a response that this Court specifically noted would preserve all objections for the record. (DE 375 at 90). The Sixth Circuit went on to review both enhancements under the normal standard of review, *see* (DE 378 at 2-5), and thus Price's *Bostic* complaint as to these two enhancements is without merit.

While objections made on the record were properly reviewed, Price is correct that those not raised before this Court were reviewed for plain error by the Sixth Circuit. In this case, Price's argument for a downward departure or variance based on "the denial of the third point for acceptance of responsibility, the fact that his early plea bargain induced many codefendants to plead guilty…and the harsh operation of the Guidelines," was reviewed for plain error. (DE 378 at 5). But Price cannot show that failure to preserve the argument, or specifically posit it to this Court at sentencing, resulted in prejudice. As was noted by the Sixth Circuit, this Court considered Price's sentencing memorandum and took arguments from counsel on the downward departure, including specifically as to the denial of the third point for acceptance of responsibility (DE 375 at 9-10); the effect of his guilty plea on others (DE 375 at 83); public policy concerns (DE 375 at 84); and the harshness of the guidelines

4

(DE 375 at 80-85). This Court went on to fully explain its sentencing rationale, citing Price's family circumstances, educational background, childhood experiences, current fatherhood, the need to provide a just punishment, drug treatment opportunities, a comparison to co-defendant Tomlin, and Price's significantly lower criminal history. (DE 375 at 86-88). The Sixth Circuit found that, "[a]lthough the district court did not specifically address Price's arguments for a lower sentence, no explicit rejection is required where, as here, the sentencing transcript reflects that the district court conducted a thorough hearing and considered Price's arguments…No plain error occurred." (DE 378 at 5-6). Failure to explicitly reject Price's argument through "magic words" was unnecessary, since the "district court's express sentencing rationale was logically responsive" to Price's sentencing arguments. *United States v. Chiolo,* 643 F.3d 177, 184 (6th Cir. 2011).

Beyond a conclusory allegation, Price does not now provide, and this Court does not find, any evidence that a more favorable review standard on appeal would have changed the above analysis of the Sixth Circuit, or that further insistence by trial counsel would have changed this Court's analysis at sentencing. Price simply has not shown the prejudice necessary to prove that counsel acted ineffectively regarding his sentencing arguments and objections. *See Strickland v. Washington,* 466 U.S. 668, 694 (1984) ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"); *see also Coley v. Bagley,* 706 F.3d. 741, 752 (6th Cir. 2013) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial").

Finally, and specifically as to the denial by the government of the third point for acceptance of responsibility under U.S.S.G. § 3E1.1(b), Price does very little to attack the Magistrate Judge's finding that the government's discretion was not wielded improperly. The statutory language of the reduction gives the government wide discretion to move for the

5

third point when a defendant assists authorities in investigating or prosecuting his own misconduct. *See* U.S.S.G. § 3E1.1(b); *see also United States v. Coleman*, 627 F.3d. 205, 215 (6th Cir. 2010) ("[T]he government may refuse to move for the third-level reduction so long as the government's reason for refusal is not based on a constitutionally impermissible factor and is not arbitrary"). Here, the Court agrees with the Magistrate Judge that the government did not withhold the third point arbitrarily or for improper purposes, since the government cited specific conduct by Price that it felt was inconsistent with conduct warranting the third-level reduction. *See* (DE 375 at 4-7 (explaining government's reasonably held belief that Price had filed misrepresentations in an affidavit)). While the Court found that the evidence was not sufficient to enhance Price's sentence for obstruction of justice, the government's position that Price made misrepresentations to the Court is certainly not arbitrary. (DE 375 at 18-19 (this Court noted the "carefully crafted language" of the affidavit and found the application of an enhancement for obstruction of justice at sentencing to be a "very close call")). At minimum, concluding that Price's conduct did not assist authorities in their investigation, or otherwise qualify for the reduction provided by § 3E1.1(b), was well within the discretion of the government. Counsel therefore had no reason to object, and did not act ineffectively. *See Coley*, 706 F.3d. at 752.

Objection Three: Magistrate Judge's reliance on Sixth Circuit direct appeal

Price objects to the "Magistrate's reliance on the circular logic that Price's Appeal forcloses [*sic*] any relief…." (DE 415 at 8). Specifically, Price points the Court to three instances where the Magistrate Judge cites to the previous opinion of the Sixth Circuit regarding: (1) the firearm enhancement under U.S.S.G. § 2D1.1(b)(1); (2) the leadership role enhancement under U.S.S.G. § 3B1.1(b); and (3) Price's claim for downward departure reviewed for plain error by the Sixth Circuit. (DE 415 at 8).

6

In reference to the sentence enhancements, the Magistrate Judge cites the Sixth Circuit opinion to show that this Court's original application of the enhancements was affirmed, and that it has already been determined that the record contained ample evidence showing the government carried its burden of proving the enhancements applicable. (DE 414 at 7-8, 17). This evidence is clearly relevant to Price's current ineffective assistance of counsel claims, since "by definition…counsel cannot be ineffective for a failure to raise an issue that lacks merit." *Greer v. Mitchell,* 264 F.3d 663, 676 (6th Cir. 2001). But the Magistrate Judge did not end his analysis there, instead, he goes on to refute each piece of evidence cited by Price that allegedly would have shown the enhancements did not apply. *See* (DE 414 at 6-8, 13-17) (refuting alleged effect of further *Greeno* evidence; potential testimony of Gary Thomas; potential testimony of Maurice Williams; potential arguments concerning Lexington Police reports; and further addressing the strength of the evidence before the trial court for each enhancement). Rather than rebutting or objecting in a meaningful way to the Magistrate Judge's detailed attacks on these pieces of evidence, Price claims the Magistrate Judge "gloss[ed] over specific examples of [counsel's] deficient performance," and then directs this Court to arguments made in his previous § 2255 memorandum and reply. (DE 415 at 8-9). The Court finds that the Magistrate Judge undertook correct and substantial legal analysis of Price's critiques, dedicating several pages to each enhancement, and there is no merit to Price's objection.

As discussed under Price's second objection, the Magistrate Judge cited the Sixth Circuit information when refuting Price's claim that counsel acted ineffectively by allegedly failing to preserve his downward departure argument. (DE 414 at 24-25). For the reasons discussed in the Court's previous analysis, Price was required to show prejudice in order to prevail on his claim. Using the Sixth Circuit's language to show that Price was not prejudiced is not error, and Price cites nothing to the contrary.

7

### 3. Objection Four: Magistrate Judge ignored and minimized salient issues

In his fourth objection, Price lists several grievances with the Magistrate Judge's recommendation:

> Judge Wier either ignores totally, or minimaizes certain of Price's salient points. As detaled below Magistrate Wier: 1) Is silent on Price's Sentencing Prejudice Argument (Ground 1(d) of memorandum at 26); 2) Marginalizes Price's Cumulative Error claim raised in his Memorandum in Support page 27; 3) Is dismissive of Price's reasoning for an Mandatory Evidentiary Hearing; and 4) Rejects out of hand Price's Adversarial Testing Argument.

(DE 415 at 9-10) (as in original).

The Court finds the Magistrate Judge properly addressed the above arguments. Particularly, the Magistrate Judge found that Price's sentencing-related arguments were without merit, specifically addressing procedural and substantive reasonableness of the sentence, finding no basis for objection by Price's counsel, pointing out that Price did not challenge the substantive reasonableness on appeal and defaulted the argument on habeas, and reviewing the sentencing Judge's considerations. (DE 414 at 26-29). The Magistrate Judge exhaustively reviewed Price's sentence in "totality," including by citing previous review undertaken by the Sixth Circuit, and found no error or prejudice. (DE 414 at 29). Further, the Magistrate Judge specifically noted that since he found no error with the sentence or by counsel, Price's argument that cumulative error resulted in ineffective assistance of counsel also failed. (DE 414 at 29, n. 19). Given such analysis, this Court disagrees with Price's argument that the Magistrate Judge was "silent on" and "marginalized" his sentencing arguments.

Price's argument that his counsel failed to put the government's proof through the adversarial testing process, which appears to have been raised for the first time in Price's reply (DE 413 at 16; DE 415 at 11-12 (disagreeing but citing the Reply), also fails. The Magistrate Judge concluded:

> Review of the sentencing transcript establishes that [counsel] zealously defended Price at sentencing, determinedly cross examined each Government witness, and won many benefits on Price's behalf (such as the Court sustaining the obstruction of justice-related objection). [Counsel] submitted an extremely detailed sentencing memorandum, *see* De #247, and made 21 objections to the PIR. *See* DE #308. Robinson successfully and substantially succeeded in decreasing the applicable Guideline range from the USPO's original calculation of 188-235 (and successfully argued against sustaining the Government's objection, which would have raised that range still), creating a poor climate for lawyer criticism here.

(DE 414 at 18, n. 12).

Price's objection does nothing to question the Magistrate Judge's conclusion. Instead, Price argues that "[t]he magistrates attempts to misapprehend Price's argument and intentions is improper…[t]hroughout the entire 'Recommended Disposition' aka Report and Recommendation Magistrate Wier's bias is blatant." (DE 415 at 12). But these conclusory attacks do nothing to undermine what this Court has seen in the record: namely that Price's counsel acted zealously, and often successfully, on his behalf. Further, the reference to Price's reply contained within his objection, *see* (DE 415 at 12), directs the Court to arguments already considered and rejected in this opinion. *See* (DE 413 at 9-16) (citing counsel's representation as to enhancements under U.S.S.G. §§ 2D1.1(b)(1) and 3B1.1(b) as ineffective).

### B. Evidentiary Hearing

Price requests an evidentiary hearing on his pending Motion. (DE 415 at 11). This Court conducted the initial appearance and arraignment of Price (DE 33), conducted Price's rearraignment (DE 211), held an evidentiary hearing (DE 142), and performed final sentencing (DE 272). Thus, the Court has been extremely familiar with this case and its subsequent stages. Here, no evidentiary hearing is necessary because the record conclusively demonstrates that Price is not entitled to relief, and for the reasons detailed above, his claims

9

are contradicted by the adequate record before the Court. *See Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).

**C. Certificate of Appealability**

In the case of a § 2255 petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has further explained that the standard of § 2253(c)(2) is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Welch v. United States,* 136 S.Ct. 1257, 1263 (2016) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). In this case, all but one of the issues presented are not adequate enough to deserve encouragement to proceed further, and no reasonable jury could find that Price's claims of ineffective assistance of counsel could be resolved in a different manner. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003).

Since the applicability and effect of Federal Rule of Civil Procedure 8(b) to § 2255 habeas petitions appears to be a matter of first impression in this Circuit, the Court grants a certificate of appealability on this limited issue. *See generally Anderson v. United States,* 39 Fed.Appx. 132, 136 (6th Cir. 2002) (recognizing application of Fed. R. Civ. Pro. 8(a) to *pro se* habeas petitions); *see also Carter v. Mitchell,* 693 F.3d 555, 566 (6th Cir. 2012) (recognizing application of Fed. R. Civ. Pro. 8(d)(3) to habeas petitions); *but see United States v. Boniface,* 601 F.2d 390, 392-93 (9th Cir. 1979) (recognizing that responses to habeas petitions have lesser pleading standards under § 2255 Habeas Rule 5, as opposed to the Federal Rules of Civil Procedure); *but cf. Tarver v. United States,* 344 F. App'x 581, 583 (11th Cir. 2009) (holding Fed. R. Civ. Pro. 8(b)(6) applicable to the government's § 2255 response, but finding no preclusive effect for arguments not addressed because the response was not a mandatory pleading due to § 2255 Rule 4(b)).

## III. CONCLUSION

For the foregoing reasons, and with the Court being otherwise sufficiently advised, it is **HEREBY ORDERED** that:

1) The recommended disposition (DE 144) is **ADOPTED** as the Court's opinion;

2) Defendant Price's objections to the recommended disposition (DE 415) are **DENIED**;

3) Defendant Price's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence by a person in federal custody and request for evidentiary hearing (DE 384) is **DENIED**;

4) A certificate of appealability **SHALL ISSUE** only for the limited purpose of this Court's determination as to the applicability of Federal Rule of Civil Procedure 8(b) in § 2255 proceedings; and

5) A separate judgment shall issue.

Dated January 18, 2018.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY