UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL ACTION NO. 5:13-90-KKC-2 |
| Plaintiff, | |
| V. | OPINION AND ORDER |
| TERRAN RICARDO PRICE, | |
| Defendant. | |

*** *** ***

This matter is before the Court on Defendant's motion for early release. On May 30, 2014, Defendant Terran Ricardo Price was sentenced to 132 months imprisonment and 5 years of supervised release. (DE 275.) On July 14, 2020, Defendant filed a motion requesting that the Court release him from incarceration. (DE 466.)

18 U.S.C. § 3582(c)(1)(A) allows a court, upon a proper motion, to modify a term of imprisonment and grant what is commonly referred to as "compassionate release." Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), a motion for compassionate release could only be brought by the director of the Bureau of Prisons, not the defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for such relief on his own, but only if he has first "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or if 30 days have lapsed since the warden of the defendant's facility

1

received the defendant's request to file a motion on his behalf, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018). The Sixth Circuit has recently reaffirmed that a judge cannot make any exceptions to the requirement that prisoners comply with the statutory conditions prior to being granted court relief, because "[n]othing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions." *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020).

District courts across the country have grappled with the language of the First Step Act to determine precisely what a prisoner must do before he can successfully bring his own motion for compassionate release in federal court. This Court has done the same, and, like the Eastern District of Arkansas, it has emerged uncertain of anything except that "(1) the statute would benefit from clarifying amendments in Congress and (2) this Court will not be the last word on the question." *United States v. Smith*, No. 4:95-CR-00019-LPR-4, 2020 WL 2487277, at *7 (E.D. Ark. May 14, 2020).

It is clear that, if the warden fails to act on the defendant's request for a compassionate release motion, the defendant can bring his own motion in federal court after waiting 30 days from the date the warden received his request. The uncertainty arises when a warden denies a defendant's request to file a motion for compassionate release. Can the defendant still come directly to court for relief after the lapse of 30 days from the warden's receipt of the request? Or is the defendant required to first "fully exhaust[] all administrative rights to appeal" the denial? If the defendant must first "fully exhaust" his administrative remedies, must he pursue those remedies until he reaches a final decision? Or is he required to pursue those remedies for only the 30-day period before proceeding to federal court, no matter the status of the administrative procedure?

Courts have come to different conclusions on this issue. In *Smith*, the Eastern District of Arkansas determined that the statute provides only one path to federal court when a

2

warden denies a defendant's request for a compassionate release motion. Before filing a motion in court, the defendant must fully exhaust his administrative remedies. *Smith*, 2020 WL 2487277, at *9. Other courts, however, have determined that the statute grants a defendant two alternative paths to federal court after the warden denies his request for a compassionate release motion. In *United States v. Haney*, the Southern District of New York determined that "the statute does not necessarily require the moving defendant to fully litigate his claim before the agency (*i.e.*, the BOP) before bringing his petition to court." *United States v. Haney*, No. 19-CR-541 (JSR), 2020 WL 1821988, at *3 (S.D.N.Y. Apr. 13, 2020). "Rather, it requires the defendant *either* to exhaust administrative remedies *or* simply to wait 30 days after serving his petition on the warden of his facility before filing a motion in court." *Id*.

Fortunately, this Court has some guidance from the Sixth Circuit. In *Alam*, the court repeatedly interprets the statute as giving defendants two alternative tracks to federal court. "[P]risoners who seek compassionate release have the *option* to take their claim to federal court within 30 days, no matter the appeals available to them." *Alam*, 960 F.3d at 834 (emphasis added). Under the Sixth Circuit's view, the statute "imposes a requirement on prisoners before they may move on their own behalf: They must 'fully exhaust[ ] all administrative rights' *or else* they must wait for 30 days after the warden's 'receipt of [their] request.'" *Id*. at 833 (emphasis added) (quoting 18 U.S.C. § 3582(c)(1)(A)). "If the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take his claim to court only by moving for it on his own behalf. To do that, he must 'fully exhaust[ ] all administrative rights to appeal' with the prison *or* wait 30 days after his first request to the prison." *Alam*, 960 F.3d at 833–34 (6th Cir. 2020) (emphasis added) (quoting 18 U.S.C. § 3582(c)(1)(A)). The court further clarified that, for those prisoners who choose to "pursue

3

administrative review," they are not required to complete it before coming to federal court. *Id*. at 836. "[P]risoners have the option to go to federal court" if they pursue administrative review and it "comes up short (*or if 30 days pass*)." *Id*. (emphasis added).

As the government concedes, the warden of Defendant's facility received Defendant's request for early release on May 29, 2020, and the request was denied on July 1, 2020. (DE 468 at 2-3.) Defendant waited more than 30 days from the receipt of his request to file a motion in federal court, and, accordingly, the Court can examine the merits of his motion.

However, Defendant's motion nonetheless fails. § 3582(c)(1)(A) requires that the Court find that "extraordinary and compelling reasons warrant" a modification to a defendant's sentence, and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission has issued a policy statement that, in the relevant part, allows a court to grant compassionate release or a sentence reduction only where, "(1) extraordinary or compelling reasons warrant a reduction in a defendant's sentence, (2) the defendant is not a danger to the safety of others or the community, and (3) release from custody complies with § 3553(a) factors." *United States v. Lake*, 5:16-076-DCR, 2019 WL 4143293, at *2 (E.D. Ky. Aug. 30, 2019) (citing U.S.S.G. § 1B1.13 (2018)). According to the Sentencing Commission's policy statement, extraordinary and compelling reasons may exist[1] given the medical condition of the defendant; the age of the defendant; specific family circumstances; or "other reasons."[2] U.S.S.G. § 1B1.13 (2018).

---

[1] "28 U.S.C. § 994 authorizes the United States Sentencing Commission to define 'extraordinary and compelling reasons.'" *Lake*, 2019 WL 4143293, at *2 (citation and internal quotation marks omitted).
[2] Application Note 1(D), which provides for "other reasons," is not relevant in this case. "By its plain language, Application Note 1(D)'s 'other reasons' determination is reserved for the Director of the BOP. This Court has expressly declined to consider what might constitute 'other reasons' under subsection 1(D)." *United States v. Girod*, No. 5:15-CR-087-DCR, 2020 WL 1931242, at *3 (E.D. Ky. Apr. 21, 2020). Defendant's motion provides no basis for the conclusion that the BOP has identified any extraordinary or compelling reasons in his case.

Defendant's first argument is that he is at a high risk of contracting, and suffering severe complications of the disease caused by the novel coronavirus, COVID-19, because he suffers from chronic asthma and has a heart murmur. (DE 466 at 2.) Even in the context of the ongoing public health crisis, these facts do not establish that "extraordinary or compelling reasons warrant" Defendant's release from custody. Defendant has not shown that he "is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory)" or "is suffering from a serious physical or medical condition,… serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes [his] ability… to provide self-care within the environment of a correctional facility and from which he… is not expected to recover." U.S.S.G. §1B1.13, comment. (n.1) (2018).

Defendant's second argument is that the mother of one of his children passed away in late 2014, and that "in the time of the COVID-19 pandemic, it is not in the best interest of the child to be living house to house." (DE 466 at 6.) The "specific family circumstances" discussed in the Sentencing Commission's policy statement are limited to "the death or incapacitation of the caregiver of the defendant's minor child or minor children" and "the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, comment. (n.1) (2018). The Court does not make light of the tragic and difficult circumstances which Defendant recounts. Further, the Court is not aware of any *per se* "timel[iness]" bar (DE 468 at 7) to Defendant making this argument now. However, Defendant notes that the child is being cared for by an aunt to whom Defendant has given temporary custody, and Defendant first raising this argument now, nearly six years after the death of the child's mother and the beginning of Defendant's incarceration, is at least some further evidence that the child has not been without a caregiver.

5

Accordingly, the Court hereby ORDERS that Defendant's motion for early release (DE 466) is DENIED.

Dated July 27, 2020

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY